RENE L. VALLADARES
Federal Public Defender
State Bar No. 11479
NISHA BROOKS-WHITTINGTON
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
Tel: (702) 388-6577
Fax: (702) 388-6261

Attorney for PAUL MELIN

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:02-cr-274-RLH-LRL |
| Plaintiff, | **EMERGENCY MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE** |
| vs. | |
| PAUL MELIN, | (Expedited Consideration Requested) |
| Defendant. | **ORDER** |

COMES NOW the defendant, Paul Melin, by and through his counsel of record, Nisha Brooks-Whittington, Assistant Federal Public Defender, and pursuant to 18 U.S.C. § 3583(e)(2) and Fed. R. Crim. P. 32.1, hereby moves this Honorable Court to modify conditions of his supervised release. This request is based on the Points and Authorities attached hereto.

DATED this 4th day of November, 2011.

RENE L. VALLADARES
Federal Public Defender

By /S/ Nisha Brooks-Whittington
NISHA BROOKS-WHITTINGTON
Assistant Federal Public Defender

1

## MEMORANDUM OF POINTS AND AUTHORITIES

The statute governing the modification of conditions of supervised release, 18 U.S.C. § 3583(e)(2), provides that the court may "modify, ... the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release...."

On December 17, 2010, Paul Melin ("Mr. Melin") admitted to violating conditions of his supervised release. See Minutes of Proceedings, Docket No. 80. As a result, Mr. Melin was sentenced to six (6) months to the custody of the Bureau of Prisons and to twenty-three months of supervised release. Mr. Melin's supervision included a special condition that he "participate in the C.A.R.E. program at the Residential Re-Entry Center for the first seven (7) months as approved and directed by the probation officer." See Judgment on Revocation of Probation/Supervised Release, Docket No. 83.

Mr. Melin began participating in the C.A.R.E. program at the Residential Re-Entry Center on June 13, 2011. He has never missed a drug test or submitted any positive drug tests. Mr. Melin takes the C.A.R.E. program seriously and has attended all of his counseling sessions. Mr. Melin has had one infraction since his placement in the C.A.R.E. program. On July 13, 2011, when Mr. Melin returned to the Residential Re-Entry Center, he had synthetic marijuana in his possession. Mr. Melin was admonished by his probation officer, Henry Stegman and agreed to modify his conditions of supervision to include a synthetic/designer drug abstinence clause and placement on lock down status throughout phase one of the C.A.R.E. program.

Mr. Melin has completed the first phase of the C.A.R.E. Program without further incident and is currently in the second phase. In the second phase, Mr. Melin is allowed to work and is required to attend counseling sessions twice a week at the Residential Re-Entry Center. Mr. Melin is employed with Airborne Veteran Services as a electrical superintendent/project manager. Mr. Melin plans to hire two (2) individuals at the Residential Re-Entry Center. Mr. Melin is also attending domestic violence classes at Safe Nest once a week as a condition of his supervision. Mr. Melin has made positive efforts in his quest to become drug and alcohol free. He is abiding by the terms of his supervision and of the C.A.R.E. program.

1         Mr. Melin has been in the C.A.R.E. program and residing in the Residential Re-Entry

2  Center for approximately five months. Although he is required to participate and reside at the

3  Residential Re-Entry Center for seven (7) months, Mr. Melin requests early release from the

4  Residential Re-Entry Center. Mr. Melin's wife, Crystal Mofford is scheduled to have a hysterectomy

5  on November 15, 2011 at 9 a.m. at St. Rose Dominican Hospital. <u>See</u> Exhibit A. Ms. Mofford will

6  be limited in her ability to handle the family's affairs and taking care of their children. Mr. Melin

7  seeks early release from the Residential Re-Entry Center so that he can care for his wife and children,

8  and handle the family's affairs. Mr. Melin is willing to be placed on location monitoring while he

9  resides at home. He will continue to work at Airborne Veteran Services and attend his counseling

10  sessions in the C.A.R.E. program as well as the Safe Nest Counseling. <u>See</u> Exhibit B.

11         Undersigned counsel spoke with probation officer, Henry Stegman and he stated that

12  Mr. Melin is doing well in the C.A.R.E. program. However, Mr. Stegman will not agree to

13  recommend his early release from the Residential Re-Entry Center because of Mr. Melin's prior

14  infraction for possession of synthetic marijuana. It is important to note that Mr. Melin was

15  sanctioned for his conduct and that he has otherwise been compliant with the requirements of the

16  C.A.R.E. program and Residential Re-Entry Center. Mr. Melin requests release from the Residential

17  Re-Entry Center for the sole purpose of taking care of his wife and family. Should this Court release

18  Mr. Melin early from the Residential Re-Entry Center, placement on location monitoring will

19  monitor his movements and ensure his continued compliance with his supervised release terms.

20

21  / / /

22

23  / / /

24

25  / / /

26

27  / / /

28

# CONCLUSION

In summary, Mr. Melin respectfully requests this court to modify his conditions of supervised release to allow early release from the Residential Re-Entry Center.

Respectfully submitted by,

By  /s/ Nisha Brooks-Whittington
NISHA BROOKS-WHITTINGTON,
Assistant Federal Public Defender

FOR GOOD CAUSE APPEARING, IT IS HEREBY ORDERED.
Dated: November 7, 2011.

U.S. DISTRICT JUDGE

4